UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**Claude WILLIAMS,**<br>　　　　　　**Defendant.** | Crim. No. 13-548 (KM)<br><br>**ORDER ON OMNIBUS PRETRIAL MOTIONS** |

　　　　This matter was opened to the Court on the omnibus motion of the defendant. (ECF No. 63). The government opposed Mr. Williams' motion at ECF Nos. 64 and 65. Mr. Williams filed a reply at ECF No. 67. I heard oral argument on these issues at a hearing on December 12, 2012. On February 17, 2015, I issued a written opinion (ECF 74) granting in part Mr. Williams's motion (ECF No. 63-4) to suppress his post-arrest statements. On the record, on February 18, 2015, I made a further statement of reasons with respect to the remaining motions. Having considered counsel's submissions and oral arguments, and good cause appearing therefor;

　　　　IT IS this 18th day of February, 2015,

　　　　ORDERED as follows:

　　　　1.　　Defendant's motion to suppress historical cell phone tower information and for related relief (ECF 63-1) is DENIED for the reasons expressed in open Court on February 18, 2015.

　　　　2.　　Defendant's motion to suppress prospective or real-time phone tower information and for related relief (ECF 63-2) is

       DENIED for the reasons expressed in open Court on February 18, 2015.

3. Defendant's motion to suppress cell phone information obtained by means of a "Stingray" device and for related relief (ECF 63-3) is DENIED for the reasons expressed in open Court on February 18, 2015.

4. Defendant's motion to suppress post-arrest statements (ECF 63-4) is GRANTED for the reasons expressed in this Court's written opinion, filed February 17, 2015 (ECF 74). As to the issue upon which the Court reserved decision, the motion is DENIED AS MOOT in light of the government's statement that it will not seek to introduce statements made in connection with booking.

5. Defendant's blanket motion to suppress all evidence derived from illegally obtained information (ECF 63 at 7 ¶ 6) is DENIED for the reasons expressed in open Court on February 18, 2015.

6. Defendant has restated his demands for material, such as *Brady, Giglio,* Jencks Act, and Rule 404(b) material, as well as required disclosure of experts, statements of the defendant, and all other disclosure required by Rule 16, Fed. R. Crim. P. (ECF 63 at 11-12) These requests are DENIED as moot, because they are already covered by this Court's standard pretrial scheduling and discovery order, as expressed in open Court on February 18, 2015.

7. Defendant has separately briefed his motion for preservation of rough notes and drafts. (ECF 63 at 12) This motion is GRANTED to the extent that the government shall preserve

and review such notes for discoverable material, for the reasons expressed in open Court on February 18, 2015.

8. Defendant has also separately briefed his motion for a pretrial "*James* hearing" to establish the existence of a conspiracy for purposes of admitting evidence of coconspirator statements pursuant to Fed. R. Evid. 801(d)(2)(E). (ECF 63 at 13) The motion is DENIED. Such statements will be admitted at trial subject to connection, for the reasons expressed in open Court on February 18, 2015;

9. Defendant's motion for leave to make additional motions is DENIED as presented, although specific applications to do so will be entertained, as expressed in open Court on February 18, 2015.

_____
**KEVIN MCNULTY**
**United States District Judge**